IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DANA JUHASZ, etc.,                )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    No.  11 C 6577
                                  )
GROUPON, INC.,                    )
                                  )
            Defendant.            )

                        MEMORANDUM ORDER

    Groupon, Inc. ("Groupon") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by one of its "Deal Vetters," Dana Juhasz, advanced on her own behalf and on behalf of all other persons who assertedly were or are similarly situated.  This memorandum order is issued sua sponte because of some problematic aspects of Groupon's responsive pleading.

    For one thing, the use of denials by Groupon's counsel is out of sync with the Federal Rules of Civil Procedure ("Rules") or, more generally, the federal concept of notice pleading that is incumbent on defendants and plaintiffs alike.  For example, the second sentence in the Answer reads:

> Groupon denies each and every allegation, matter or thing in Plaintiff's Complaint, except as specifically admitted or qualified herein.

But the second sentence of Rule 8(b)(3) permits that locution only as an alternative to the specific denial of designated allegations--specifics that the rest of the Answer sets out

chapter and verse.  Here the sentence quoted earlier in this paragraph adds nothing but uncertainty to the mix, and it is stricken.

To turn to those specifics, many of the answering paragraphs contain denials that are meaningless and are once again a potential source of confusion.  For example, there are a large number of Answer paragraphs that begin with particularized admissions or denials as called for by Rule 8(b)(1)(B) and then, after having dealt exhaustively with Juhasz's allegations in that manner, go on to say:

> Groupon denies the remaining allegations of Paragraph -- of the Complaint.

But the problem is that there are no "remaining allegations" in those Complaint paragraphs that are left to be denied (see Answer ¶¶2, 3, 5, 6, 7, 21, 23, 25 and 31).  Groupon's counsel should go back to the drawing board to see whether those assertions can and should be deleted from its Answer.[1]

As indicated earlier, Groupon's counsel has followed the detailed Answer with ADs--a host of them, eight in number. Whenever this Court encounters such a grab bag, its experience suggests that at least some of them are problematic.  This Court

---

[1] While counsel is at it, a sharp look ought to be taken at Answer ¶¶2 (does Groupon really deny Juhasz's allegation there?) and 3 (as to which a simple admission would appear to be in order).  These are just examples spotted by this Court's threshold examination--Groupon's counsel would do well to take a hard look at the entire Complaint.

will however leave it to Juhasz's counsel to challenge any of the ADs as inconsistent with the concept embodied in Rule 8(c) and in the caselaw construing it (see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill 2001)) or as challengeable on any other basis.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: November 4, 2011